# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

RAFAEL A. LLOVERA,

    Plaintiff,

vs.                                    Case No. 4:10cv338-SPM/WCS

BROWARD SHERIFF'S OFFICE,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a pleading in this court which was construed as a civil rights complaint under 42 U.S.C. § 1983 due to the nature of the relief requested. Doc. 1. Plaintiff did not submit an *in forma pauperis* motion when the case was initiated, and was directed to either submit the filing fee or file a motion seeking leave to proceed *in forma pauperis*. Doc. 4. Plaintiff has now filed several motions in this court. A motion for supplemental jurisdiction, doc. 5, a motion for leave to proceed *in forma pauperis*, doc. 6, and a motion to review his petition as a writ of mandamus or extraordinary writ, doc. 7. Rather than rule on any of these motions, this case should be summarily transferred to the Southern District of Florida.

Plaintiff is located in Miami, Florida, and is suing the Broward County Sheriff's office.  The events are alleged to have taken place in and around Pompano Beach, Florida.  Doc. 1, p. 2.  Because Pompano Beach is located in Broward County, Florida, which is the Southern District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(c) is in the United States District Court for the Southern District of Florida, Broward Division.

Additionally, review of the *in forma pauperis* motion, doc. 6, suggests that Plaintiff has filed numerous cases already and he may or may not be entitled to proceed *in forma pauperis*.  The Southern District will undoubtedly be more familiar with Plaintiff's litigation history and sits in a better position to make that determination.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Eleventh Circuit has recognized the court's ability to raise the issue of defective venue *sua sponte*, but limited the court's ability to dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")  The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  See Lipofsky, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.

Case No. 4:10cv338-SPM/WCS

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), I respectfully **RECOMMEND** transfer of this action to the United States District Court for the Southern District of Florida, Broward Division, for all further proceedings, including review of all pending motions.

**IN CHAMBERS** at Tallahassee, Florida, on September 1, 2010.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**